# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**January 14, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* S.S.

**No. 18-0733** (Webster County 17-JA-48)

## MEMORANDUM DECISION

Petitioner Mother B.G., by counsel Andrew Chattin, appeals the Circuit Court of Webster County's July 19, 2018, order terminating her parental rights to S.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary Elizabeth Snead, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2017, the DHHR filed a child abuse and neglect petition against petitioner and her boyfriend. The DHHR alleged that law enforcement officers were dispatched to petitioner's home in response to a distress call. Upon arriving at the home, petitioner informed the officers that she had taken a hydrocodone pill and consumed alcohol and further admitted to engaging in domestic violence with her boyfriend. Officers also observed petitioner breastfeeding the child while under the influence of alcohol and controlled substances. The DHHR concluded that petitioner engaged in domestic violence and abused controlled substances in the presence of the child, which affected her ability to provide for his health, safety, and welfare.

The circuit court held an adjudicatory hearing in July of 2017. After hearing evidence, the circuit court adjudicated petitioner as an abusing parent upon findings that she was under the influence of alcohol and controlled substances and engaged in domestic violence in the presence of the child, threatening his safety.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

In January of 2018, the circuit court granted petitioner a six-month post-adjudicatory improvement period. Petitioner initially complied with services, but was arrested in April of 2018 and charged with possession of methamphetamine. At the time of the arrest, petitioner tested positive for hydrocodone and methamphetamine. Petitioner eventually pled guilty to misdemeanor drug possession. Thereafter, the DHHR filed a motion to revoke petitioner's improvement period and terminate her parental rights.

The circuit court held a dispositional hearing in June of 2018. A DHHR worker testified that petitioner initially participated in services such as parenting and adult life skills classes and visitation with the child. However, petitioner was subsequently arrested for possession of methamphetamine; tested positive for amphetamines, methamphetamine, and opiates the week prior to the dispositional hearing; and tested positive for amphetamines, methamphetamine, opiates, and marijuana immediately prior to the dispositional hearing. Regarding her arrest, petitioner testified that someone had planted methamphetamine on her person. Petitioner denied abusing drugs and stated she must have tested positive for methamphetamine the week prior to the dispositional hearing due to taking a hydrocodone pill that might have been in the same bag as methamphetamine residue. Petitioner had no explanation for why she also tested positive for methamphetamine and marijuana on the morning of the hearing.

After hearing evidence, the circuit court found that petitioner violated the terms and conditions of her improvement period due to the circumstances leading to her arrest for possession of methamphetamine and her continued substance abuse. The circuit court further found that petitioner was not truthful with the court and failed to accept responsibility for her actions. As such, the circuit court terminated petitioner's parental rights upon findings that there was no reasonable likelihood that she could correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare. It is from the July 19, 2018, dispositional order that petitioner appeals.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

---

[2]The father's parental rights were also terminated below. S.S. was placed in the maternal grandmother's home and the permanency plan for the child is adoption therein.

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues she was compliant with all services prior to her arrest in April of 2018 and could have benefited from further drug abuse treatment. As such, she claims that the circuit court erred in terminating her parental rights when she demonstrated that she was likely to continue complying with her improvement period. We disagree.

To begin, we find no error in the circuit court's decision to terminate petitioner's improvement period. Pursuant to West Virginia Code § 49-4-610(7),

[u]pon the motion by any party, the court shall terminate any improvement period granted pursuant to this section when the court finds that [the parent] has failed to fully participate in the terms of the improvement period or has satisfied the terms of the improvement period to correct any behavior alleged in the petition or amended petition to make his or her child unsafe.

Here, petitioner failed to fully participate in the terms of her improvement period. While petitioner is correct that she initially complied with services, the record demonstrates that she subsequently relapsed in her drug abuse and failed to admit to her drug abuse issues. We have previously held that

[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Due to petitioner's continued drug abuse and her failure to acknowledge her issues with the same, we find no error in the circuit court's decision to terminate her improvement period.

We further find no error in the circuit court's decision to terminate petitioner's parental rights. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. According to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

[t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical,

3

mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child[.]

As set forth above, petitioner failed to comply with services designed to reduce or prevent the abuse or neglect of the child. Despite having complied with several services, petitioner was arrested for possession of methamphetamine in April of 2017. At that time, she tested positive for hydrocodone and methamphetamine. Thereafter, petitioner continued to abuse drugs and tested positive for several substances a week before her dispositional hearing and immediately prior to the hearing. During her testimony, petitioner alleged that someone planted methamphetamine on her person prior to arrest and gave equally implausible theories for why she tested positive for several substances prior to the hearing. Further, petitioner's drug use prevented her from visiting the child and "[w]e have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W.Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996)(citing *Tiffany Marie S.*, 196 W.Va. at 228 and 237, 470 S.E.2d at 182 and 191; *State ex rel. Amy M. v. Kaufman*, 196 W.Va. 251, 259, 470 S.E.2d 205, 213 (1996)). As such, it is clear that there was no reasonable likelihood that petitioner could correct the conditions of abuse in the near future and that termination of her parental rights was necessary for the child's welfare. While petitioner states that she needed more time to comply with services, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W.Va. Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W.Va. Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Based on the evidence, we find no error in the circuit court's decision to terminate petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 19, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: January 14, 2019

4

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison